53399-95-101-241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NIDA MOSS, Individually and as Administrator )
of the ESTATE OF RICHARD MOSS, deceased, )
                                                   )
            Plaintiffs, )    No. 04C 1593
                                                   )
v.                                              )    District Judge:
                                                   )    Hon. Amy St. Eve
                                                   )
TRADITIONAL MEDICINALS, INC., )
                                                    )    Magistrate Judge:
                                                    )    Hon. Geraldine Soat Brown
           Defendant. )



DOCKETED
MAY 0 5 2004

## NOTICE OF FILING

To:    See Attached Service List

      **PLEASE TAKE NOTICE** that on the **3rd day of May, 2004**, we filed with the Clerk of Court for the Northern District of Illinois Defendant, TRADITIONAL MEDICINALS, INC.'s **Appearance** and **Answer and Affirmative Defenses**, copies of which are attached to this Notice and are hereby served upon you.

                                                            Respectfully submitted,

                                                            By: _____
                                                                Thomas F. Lucas, One of the Attorneys for
                                                                Defendant, TRADITIONAL MEDICINALS,
                                                               INC.

Thomas F. Lucas
Thomas A. Reed
Tracy McGonigle
McKENNA, STORER, ROWE,
WHITE & FARRUG
33 North LaSalle Street
Suite 1400
Chicago, Illinois   60606
312/558-3977



## CERTIFICATE OF SERVICE

The undersigned, an attorney, deposes and states that true and correct copies of the above and foregoing Defendant, TRADITIONAL MEDICINALS, INC.'s **Appearance** and **Answer and Affirmative Defenses** were served by mailing the same in an envelope, with proper postage prepaid, in a United States mail chute at 33 North LaSalle Street, Chicago, Illinois, to the Attorneys of Record on the attached Service List this **3rd day of May 2004**, before the hour of 5:00 p.m.

53399-95-101-241
*NIDA MOSS, Individually and as Administrator
of the ESTATE OF RICHARD MOSS, deceased v.
Traditional Medicinals, Inc.*
No. 04C 1593

## SERVICE LIST

Kenneth B. Moll
Anne C. Rudd
Keith D. Jacobson
Christopher J. Johnson
Kenneth B. Moll & Associates, Ltd.
Three First National Plaza
50th Floor
Chicago, Illinois   60602
312/558-6444
**312/558-1112 (Fax)**

53399-95-101-241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
MAY 0 5 2004

NIDA MOSS, Individually and as Administrator )
of the ESTATE OF RICHARD MOSS, deceased, )
                                                                         )
                                                                         ) No. 04C 1593
              Plaintiffs, )
                                                                          ) District Judge:
v.                                                       ) Hon. Amy St. Eve
                                                                          )
TRADITIONAL MEDICINALS, INC.,     )  Magistrate Judge:
                                                                          ) Hon. Geraldine Soat Brown
            Defendant.                             )

## ANSWER AND AFFIRMATIVE DEFENSES
## OF TRADITIONAL MEDICINALS, INC.

NOW COMES the Defendant, TRADITIONAL MEDICINALS, INC., by its attorneys and as its Answer and Affirmative Defenses to the Plaintiffs' Complaint, states as follows:

1.     Defendant denies the allegations contained in Paragraph 1.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, but denies same.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3. and therefore denies same.

4.     Defendant admits the allegations contained in Paragraph 4.

5.     Defendant admits that it manufactured and sold a herbal dietary supplement product called Breathe Easy®.

6.     Defendant makes no answer to the allegations contained in Paragraph 6 since they are not directed to it, but are mere surplusage.

7.     Defendant makes no answer to the allegations contained in Paragraph 7 since they



are not directed to it, but are mere surplusage.

8. Defendant makes no answer to the allegations contained in Paragraph 8 since they are not directed to it, but are mere surplusage.

9. Defendant makes no answer to the allegations contained in Paragraph 9 since they are not directed to it, but are mere surplusage.

10. To the extent that the allegations contained in Paragraph 10 allege that Plaintiff's decedent's heart attack was proximately caused by Defendant's product, Defendant denies same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, neither admits nor denies these allegations but demands strict proof thereof. Answering further, Defendant states that if, as alleged, Plaintiff's decedent was using Breathe Easy® herbal dietary supplement to achieve a healthier metabolism, he was not using the product as indicated by Defendant.

11. To the extent that the allegations contained in Paragraph 11 are directed to the Defendant's Breathe Easy® herbal dietary supplement, Defendant denies these allegations.

12. To the extent that the allegations contained in Paragraph 12 are directed to Defendant's Breathe Easy® herbal dietary supplement, Defendant denies these allegations.

13. To the extent that the allegations contained in Paragraph 13 are directed to Defendant's Breathe Easy® herbal dietary supplement, Defendant denies these allegations.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. The allegations in Paragraph 18 constitute legal conclusions to which no response is required.

19. The allegations contained in Paragraph 19 constitute legal conclusions to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 19, Defendant denies same.

## Count I
## Strict Products Liability
## (Failure to Warn)

20. Defendant repeats and re-alleges its answers to Paragraphs 1 through 19 as and for its answer to Paragraph 20.

21. Defendant admits that it manufactured and sold Breathe Easy® herbal dietary supplement.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26, and specifically denies the allegations contained in subparagraphs a. through d. of Paragraph 26.

## Count II
## Strict Products Liability
## (Manufacturing Defect/Design Defect)

27. Defendant repeats and re-alleges its answers to Paragraphs 1 through 26 as and for its answer to Paragraph 27.

28. Defendant admits that it manufactured and sold Breathe Easy® herbal dietary supplement.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33 and specifically denies the allegations contained in subparagraphs a. through d. of Paragraph 33.

## Count III
### Negligence

34. Defendant repeats and re-alleges its answers to Paragraphs 1 through 33 as and for its answer to Paragraph 34.

35. Defendant admits that it manufactured and sold Breathe Easy® herbal dietary supplement.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. The allegations contained in Paragraph 38 constitute legal conclusions to which no answer is required. To the extent an answer is required to the allegations contained in Paragraph 38, Defendant denies same.

39. Defendant denies the allegations contained in Paragraph 39, and specifically denies the allegations contained in subparagraphs a. through i. of Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45, and specifically denies the allegations contained in subparagraphs a. through d. of Paragraph 45.

## Count IV
### Negligent Manufacture

46. Defendant repeats and re-alleges its answers to Paragraphs 1 through 45 as and for its answer to Paragraph 46.

47. Defendant admits that it manufactured and sold Breathe Easy® herbal dietary supplement.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52, and specifically denies the allegations contained in subparagraphs a. through d. of Paragraph 52.

## Count V
### Negligent Misrepresentation

53. Defendant repeats and re-alleges its answers to Paragraphs 1 through 52 as and for its answer to Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59, and specifically denies the allegations contained in subparagraphs a. through d. of Paragraph 59.

## Count VI
### Loss of Consortium

60. Defendant repeats and re-alleges its answers to Paragraphs 1 through 59 as and for its answer to Paragraph 60.

61. Defendant admits that it manufactured and sold Breathe Easy® herbal dietary supplement.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore neither admits nor denies these allegations but demands strict proof thereof.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

## Count VII
### Unjust Enrichment

66. Defendant repeats and re-alleges its answers to Paragraphs 1 through 65 as and for its answer to Paragraph 66.

67. Defendant admits that it manufactured and sold Breathe Easy® herbal dietary

supplement.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore denies these allegations.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70. Answering further, if Plaintiff's decedent used Defendant's product for weight loss and management, he was misusing Defendant's product since the product was not indicated for weight loss or weight management.

71. The allegations in Paragraph 71 constitute legal conclusions to which no response is required. Answering further, if Plaintiff's decedent was using Defendant's product for weight loss and management, he was misusing the product since it was not indicated for that use.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in its Complaint, but asks that Plaintiff's Complaint be dismissed, with costs to Plaintiff.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant, TRADITIONAL MEDICINALS, INC., and as its Affirmative Defenses to the Plaintiffs' Complaint, states as follows:

#### Affirmative Defense No. 1

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### Affirmative Defense No. 2

Plaintiff's allegations of fraud are deficient because these allegations have not been stated with particularity, and therefore should be dismissed.

7

### Affirmative Defense No. 3

Defendant's Breathe Easy® herbal dietary supplement which is the subject of this lawsuit was manufactured in accordance with applicable Good Manufacturing Practices, and complied with all federal, state and local rules and regulations in effect at the time the product left TRADITIONAL MEDICINALS, INC.'s custody and control.

### Affirmative Defense No. 4

Plaintiff's decedent misused Defendant's product, which misuse was the sole proximate cause of Plaintiff's injuries and damages. In the alternative, should Plaintiff's decedent's misuse be determined to be a proximate cause of Plaintiff's injuries and damages, but not the sole proximate cause of Plaintiff's injuries and damages, TRADITIONAL MEDICINALS, INC. asks that any judgment be reduced in an amount proportionate to Plaintiff's decedent's relative degree of fault in causing his injuries through his misuse, and that if the amount of Plaintiff's decedent's fault is determined to be in excess of 50%, that Plaintiff be barred from any recovery against TRADITIONAL MEDICINALS, INC.

### Affirmative Defense No. 5

The Plaintiff's damages occurred in whole or in part as a result of the comparative fault and/or negligence of Plaintiff's decedent. Therefore, any judgment rendered in favor of Plaintiff and against TRADITIONAL MEDICINALS, INC. should be reduced by an amount proportionate to the degree of fault attributable to Plaintiff's decedent, and if the amount of Plaintiff's decedent's fault is determined to be in excess of 50%, that Plaintiff be barred from any recovery against TRADITIONAL MEDICINALS, INC.

WHEREFORE, Defendant, TRADITIONAL MEDICINALS, INC., requests that Plaintiff's Complaint be dismissed, with prejudice, and with costs to Plaintiff.

Respectfully submitted,

By: _____

Thomas F. Lucas, One of the Attorneys for Defendant, TRADITIONAL MEDICINALS, INC.

Thomas F. Lucas
Thomas A. Reed
Tracy McGonigle
McKENNA, STORER, ROWE, WHITE & FARRUG
33 North LaSalle Street
Suite 1400
Chicago, Illinois   60606
312/558-3977

9